UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE CIMARRON BURWELL II,

    Plaintiff,

                              CASE NO.: 13-10303
v.                              HON. LAWRENCE P. ZATKOFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the parties' cross motions for summary judgment with respect to the Defendant's decision to deny Plaintiff's application for Social Security disability benefits. The Court is also in receipt of Magistrate Judge Mona K. Majzoub's Report and Recommendation, wherein the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted. Plaintiff has filed objections to the Report and Recommendation.

After a thorough *de novo* review of the court file, the Report and Recommendation, and the objections to the Report and Recommendation filed by Plaintiff, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. The Court also briefly addresses Plaintiff's objections.

First, Plaintiff argues that the Magistrate Judge and the ALJ did not properly consider Plaintiff's migraine headaches, and that if they had done so, Plaintiff would have been found

to be disabled. In his brief in support of his motion for summary judgment, Plaintiff cited to approximately 23 pages of the administrative record that allegedly involved medical treatment for migraine headaches (some of the notes and records are not legible, though the dates are legible). Approximately 10 of the pages pertain to complaints of migraines in 1998-99; 4 pages pertain to complaints of migraines in 2001 (the last of which clearly evidences that Plaintiff was not suffering from migraines at the time: "His headaches essentially have been gone with this improved control of his BP"); 1 page from 2002; 3 pages from 2003; 2 pages from 2005; 1 page from 2008; and 1 page from 2010. Based on the foregoing, the Court cannot find that the ALJ erred in finding that any impairment related to migraines did not last the requisite 12 months for a finding of severe impairment. In addition, due to the irregularity of the complained- of migraines, especially since the alleged disability onset date of October 28, 2003 (twice in 2005 and once in 2008 and once in 2010), the Court finds that there is substantial evidence in the record to support the ALJ's conclusion.

Second, Plaintiff argues that both the ALJ and Magistrate Judge paid only lip service to the "treating source" rule as it relates to Dr. Ahmed Zubairi. The undisputed evidence in this case is that Plaintiff did not begin seeing Dr. Zubairi until early 2011, that Dr. Zubairi had seen Plaintiff only four times prior to the hearing date, and that Dr. Zubairi had only seen Plaintiff two times prior to "opining" that Plaintiff "has marked loss in his ability to perform activities within a schedule, marked loss in his ability to sustain ordinary routine and ability to work coordinated with or [in] proximity to others and marked loss in multiple areas of

social interaction." Notwithstanding that limited two-visit relationship with Plaintiff, Dr. Zubairi indicated Plaintiff was "totally and completely disabled" because Plaintiff would miss work more than four days per month.

In reviewing the ALJ's decision, the Court finds that the ALJ extensively and adequately explained her treatment and allocation of weight of Dr. Zubairi's opinion and why she did not give Dr. Zubairi's opinion "controlling weight." Although the Magistrate Judge certainly could have addressed this issue (and others) more extensively, the Court finds that the Magistrate Judge correctly concluded that the ALJ applied the appropriate factors in concluding that Dr. Zubairi's opinion should be given some weight, but only to the extent that Dr. Zubairi's opinion was consistent with the objective evidence in the record.

Accordingly, for the reasons set forth above, the Court: (1) denies Plaintiff's objections to the Report and Recommendation; (2) DENIES Plaintiff's Motion for Summary Judgment, (3) GRANTS Defendant's Motion for Summary Judgment, and (4) DISMISSES Plaintiff's cause of action WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: February 12, 2014